Bobby Rufus BARFIELD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25067.

United States Court of Appeals
Fifth Circuit.

March 11, 1968.

Clarence Frank Kendall, II, Houston,
Tex., for appellant.

James R. Gough, Asst. U. S. Atty.,
Morton L. Susman, U. S. Atty., Gerald
Applewhite, Fred L. Hartman, Asst. U.
S. Attys., Houston, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Appellant Barfield was convicted by a jury of robbery of a national bank in Houston, Texas, and of assaulting a teller in the bank in violation of 18 U.S.C. §§ 2113(a) and (d). He was sentenced to a term of twenty-five years and fined $10,000.

He assigns numerous errors in his trial: that the court committed plain error under Rule 52(b), Federal Rules of Criminal Procedure, in allowing the introduction of evidence (not objected to) of appellant's character and reputation and prior conviction and incarceration in the federal penitentiary; in allowing hearsay testimony of an FBI agent with respect to conversations with a prosecution witness; and in permitting an inflammatory closing argument by the prosecutor, which also was not objected to. He supplemented these assignments of error with contentions that the district court erred in failing to hold a hearing on his pro se motion to suppress evidence; further, that he was arrested without probable cause and therefore that the articles seized on his person and in his automobile following his arrest were inadmissible under the illegal fruit theory.

■■ We find no justification for the assignment of so-called plain error that appellant's past reputation and prior conviction were introduced into evidence. The record and testimony do not support this contention. As to the hearsay testimony of the FBI agent concerning his conversation with a prosecution witness, the evidence received by the court related to a conversation of the witness Slaydon with Agent Gunn that appellant and his accomplice had mentioned to Slaydon that they had committed some robberies, and that Slaydon had seen a gun on the person of the accomplice. The evidence was properly admitted for the purpose of showing probable cause to make an arrest and the trial judge so instructed the jury at the time of receiving it. There

was, therefore, no error. See Williams v. United States, 5 Cir., 1967, 382 F.2d 48. Examination of the prosecutor's closing argument does not convince us that there was error or abuse which affected appellant's substantial right to a fair trial, Leary v. United States, 5 Cir., 1967, 383 F.2d 851, and it does not disclose that the prosecutor stated that appellant had been in the penitentiary with Slaydon. The prosecutor referred to the fact that Slaydon had been in the penitentiary and that he and appellant were friends, but he did not attack appellant's prior character and reputation which had not otherwise been put in issue. The record does not sustain appellant's assignment.

■ Court-appointed counsel did not know that appellant had filed a pro se motion to suppress evidence. The Government answered the motion but no hearing was held and appellant proceeded to trial without having the motion passed on. No prejudice resulted, however, because all of the facts and circumstances pertaining to the case, the commission of the robbery, the arrest of appellant and his accomplice, were fully developed and considered and the evidence was received over objection by appellant's counsel. There was ample cause—more than sufficient to establish probable cause that a felony had been committed—for the arrest of appellant. The bank robbery occurred shortly after noon and about 1 p. m. Agent Gunn of the FBI was contacted by Slaydon who said he thought he knew who had committed the robbery and named appellant and his accomplice, who he said told him that they had committed some robberies. Slaydon, a used car dealer, was contacted by the suspects to purchase a 1959 Oldsmobile. Immediately after the robbery the suspects came to Slaydon's place of business in a blue Pontiac and took the Oldsmobile and drove away. The radio broadcast of the robbery described the Pontiac and furnished information that one of the robbers was wearing a green suit which was the color of the suit Slaydon remembered Barfield's accomplice had been wearing.

This information was communicated to Agent Gunn by Slaydon who also told him that the suspects had said they were going to Mexico. When Agent Gunn followed the Oldsmobile in which the suspects were riding, he concluded they were going to leave the area and arrested them, at which time the agents found some of the stolen money in appellant's wallet and some in the Oldsmobile as well as a pistol and two Texas license plates. A search warrant authorized the search of their room at a motel where approximately $5,000 more was recovered. The search of the vehicle was incidental to a lawful arrest of the vehicle's operator. See Collins v. United States, 5 Cir. 1961, 289 F.2d 129. We perceive no error in the court's rulings.

Finding no merit in appellant's contentions, the judgment is affirmed.